UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ODELL D. HODGES,<br>    Plaintiff,<br>v.<br>RON DAVIS, et al.,<br>    Defendants. | Case No. 18-04658 EJD (PR)<br><br>**ORDER OF PARTIAL DISMISSAL AND SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

Plaintiff, a California state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against officers at San Quentin State Prison ("SQSP") where he is currently housed.[1] Plaintiff's motion for leave to proceed in forma pauperis shall be addressed in a separate order.

## DISCUSSION

**A.** <u>**Standard of Review**</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

---

[1] The matter was reassigned to this Court on September 6, 2018. (Docket No. 6.)

governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.  Plaintiff's Claims**

Plaintiff claims that he has epilepsy and although he was approved for a ground floor/lower bunk accommodation, Defendant Officer C. Johnsen nonetheless submitted a housing change for Plaintiff to be moved to the second tier on June 28, 2016. (Compl. at 4.) Plaintiff claims Sgt. B. Dutton approved the housing change. (Id.) Plaintiff claims Defendant Johnsen and Dutton disregarded his medical condition and housing accommodations, and that Chief Medical Officer E. Tootell was negligent for not ensuring that custody staff honor such accommodations. (Id.) Plaintiff claims that on June 30, 2016, he had an epileptic episode and that a new accommodation request was issued for him to be housed on the ground floor. (Id.) However, he was still not moved and he experienced another seizure on July 1, 2016, while still housed on the second tier. (Id. at 5.) Then on July 25, 2016, Plaintiff had another seizure while simultaneously falling down the stairs of the second tier, which resulted in serious injury to his left shoulder that persists to the present day. (Id. at 3, 5.) Plaintiff claims he was "deliberately and intentionally housed in a hazardous environment of the second tier" which subjected him to severe injury or a premature death. (Id. at 3.)

Plaintiff claims that on May 9, 2018, "as an act of reprisal for filing an institutional appeal against custody staff," Defendants D. Baker and Sgt. M. Giacomazzi conspired to

2

move him to the third tier, "placing [his] life in peril." (Id. at 5.) When he refused to be moved, Defendants issued him a Rules Violation Report ("RVR"). Plaintiff claims he was wrongfully found guilty of the RVR by Defendant Lt. M. Bloise because he had been granted accommodations for ground floor housing due to his debilitating health condition. (Id.)

Plaintiff's assertion that Defendant Warden Ron Davis is liable as a supervisor, (Compl. at 3), is not sufficient to state a § 1983 claim because under no circumstances is there respondeat superior liability under section 1983. Or, in layman's terms, under no circumstances is there liability under section 1983 solely because one is responsible for the actions or omissions of another. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984). Furthermore, Plaintiff's claim against Defendant Tootell for negligence is also not sufficient to state a claim because neither negligence nor gross negligence is actionable under § 1983 in the prison context. See Farmer v. Brennan, 511 U.S. 825, 835-36 & n.4 (1994); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) (gross negligence insufficient to state claim for denial of medical needs to prisoner). The applicable standard is one of deliberate indifference to inmate health or safety under the Eighth Amendment, see Farmer, 511 U.S. at 834; Wilson v. Seiter, 501 U.S. 294, 302 (1991). Accordingly, the claims against Defendants Ravis and Tootell must be dismissed for failure to state a claim.

A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson, 501 U.S. at 298), and (2) the prison official possesses a sufficiently culpable state of mind, id. (citing Wilson, 501 U.S. at 297). A prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety. See Farmer, 511 U.S. at 837. The official must both be aware of facts from which the

3

inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. See id. Plaintiff's allegations, liberally construed, are sufficient to state an Eighth Amendment claim against Defendants Johnsen and Dutton for moving him to the second tier in disregard of the fact that he had an accommodation for ground floor housing due to his epilepsy.

Plaintiff's claims against Defendants Baker, Giacomazzi, and Bloise are based on a separate group of facts which are not related to this action. Parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Plaintiff's claims against Defendants Baker, Giacomazzi, and Bloise for their retaliatory actions in May 2018 has nothing to do with the Eighth Amendment claim against Defendants Johnsen and Dutton arising from an incident that occurred over two years ago. Accordingly, the claims against Defendants Baker, Giacomazzi, and Bloise are DISMISSED without prejudice to raising them in a separate action.

**CONCLUSION**

For the reasons state above, the Court orders as follows:

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint, all attachments thereto, and a copy of this order upon **Defendants Correctional Officer C. Johnson and Sgt. B. Dutton** at **San Quentin State Prison (San Quentin, CA 94964)**. The Clerk shall also mail a copy of this Order to Plaintiff.

The Clerk shall terminate Defendant Ron Davis and E. Tootell from this action as Plaintiff has failed to state a cognizable claim against them. The Clerk shall also terminate Defendants Baker, Giacomazzi, and Bloise from this action as the claims against them are

4

improperly joined to this action, and are dismissed without prejudice to filing in a separate action.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the amended complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

3. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the amended complaint found to be cognizable above.

    a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See <u>Woods v. Carey</u>, 684 F.3d 934, 940 (9th Cir. 2012).**

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. See <u>Ghazali v. Moran</u>, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); <u>Brydges v. Lewis</u>, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a

timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

**Dated:** ___1/2/2019___

EDWARD J. DAVILA
United States District Judge

Order of Partial Dismissal and of Service
PRO-SE\EJD\CR.18\04658Hodges_svc

7