UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ODELL D. HODGES,<br>   Plaintiff,<br> v.<br>B. DUTTON, et al.,<br>   Defendants. | Case No. 18-cv-04658-EJD (VKD)<br><br>**ORDER RE JANUARY 6, 2022 DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 71 |

Plaintiff Odell Hodges and defendants B. Dutton and C. Johnsen ask the Court to resolve their dispute regarding whether a [prospective] protective order should be entered, and if so, whether it should include restrictions relating to inmate witnesses and personal identifying information. This matter is suitable for resolution without a hearing. Civil L.R. 7-1(b).

**I.  BACKGROUND**

In this action, plaintiff, a California state prisoner, asserts an Eighth Amendment deliberate indifference claim pursuant to 42 U.S.C. § 1983 against defendants, correctional officers at San Quentin State Prison where plaintiff is currently housed. Dkt. Nos. 1, 31.[1] The deadline for completion of fact discovery is May 10, 2022. Dkt. No. 61 at 2.

Plaintiff advises that defendants are withholding responsive documents and information from production because the material is confidential, and that discovery in this case will require

---

[1] Plaintiff has moved to amend his complaint to add claims for the violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12133, and for violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701, against the California Department of Corrections and Rehabilitation and San Quentin State Prison, as well as defendants Dutton and Johnsen in their official capacities. Dkt. No. 64. That motion is pending.

both sides to produce confidential documents and information.[2]  The confidential material expected to be produced in discovery includes: (1) the identities of witnesses who are in custody and who fear retaliation if their names are disclosed to correctional officers; (2) the medical information of plaintiff and of other non-party prisoners; and (3) personal identifying information of defendants and other correctional officers.  *See* Dkt. No. 71 at 2, 5.

Plaintiff requests entry of a protective order that will govern the production of confidential material during discovery.  *See* Dkt. No. 71-1.  Defendants dispute the need for such an order at this time.  However, during the parties' negotiations concerning the terms of a proposed protective order, defendants proposed certain restrictions on the disclosure of confidential material (disputed sections 7.3(e) and 12.4).  Plaintiff objects to these restrictions.

## II. DISCUSSION

Although the action has been pending since August 2, 2018 and fact discovery closes May 10, 2022, the parties appear to have conducted very little discovery.  Given the nature of the documents and information likely to be produced in discovery, entry of a prospective protective order is appropriate and will facilitate the efficient and timely completion of discovery.

The Court now considers the two protective order provisions in dispute.

### A. Section 7.3(e)

Section 7.3 of plaintiff's proposed protective order concerns disclosure of material designated "highly confidential—attorneys' eyes only."  This "highly confidential" material is elsewhere defined as:

> information . . . or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and for attorney's eyes only. The criteria for such designation shall be whether the Party has a good-faith belief that the information is entitled to protection from disclosure to non-attorneys, because such information constitutes or discloses information which, if disclosed to non-attorneys would cause significant harm, including but not limited to by causing threats to prison safety or security, or the safety or security of any inmate, parolee, prison staff, or third party coming into contact with any of

---

[2] The Court understands that, at present, the discovery at issue involves Rule 26 mandatory initial disclosures, which the parties were required to exchange by October 5, 2021 (*see* Dkt. No. 61 at 2) and "an informal request for documents previously filed under seal with the court." Dkt. No. 71 at 2, 5.

the preceding.

Dkt. No. 71-1 (section 2.3).  The parties appear not to dispute that a "highly confidential" document may be shown to any deposition witness who is the "author or recipient" of the document or "a custodian or other person who otherwise possessed or knew the information."  *See id.* (section 7.3(f)).  They dispute the circumstances in which a "highly confidential" document may be shown to a deposition witness who is an inmate, but who is not an author, recipient, custodian, or person with knowledge of the contents of the document.

In section 7.3(e), plaintiff proposes that any deposition witnesses "to whom disclosure is reasonably necessary and who have signed the Acknowledgment and Agreement to Be Bound" may be shown any document designated "highly confidential."  Defendants propose that such a document may not be shown to "inmate witnesses" unless the party wishing to show the document demonstrates a "compelling need" for doing so and procures the agreement of the producing party.

The Court is not persuaded that plaintiff will be deprived of the ability to "meaningfully participate in his own lawsuit," as he contends, if he and other incarcerated witnesses are not permitted to see "highly confidential" documents produced by defendants without first conferring with defendants' counsel and, if necessary, obtaining a court order permitting the disclosure.  The restriction defendants propose is directed to "highly confidential" documents only.  These documents are defined as principally those whose disclosure to non-attorneys poses a risk to safety or security.  The restriction does not apply to "highly confidential" documents that satisfy the criteria of section 7.3(f) (*i.e.* author, recipient, custodian, person with knowledge) and does not apply to documents designated "confidential."  The Court expects that there will not be many circumstances in which it would be reasonably necessary to question an incarcerated witness about a "highly confidential" document in deposition, where the witness has never seen the document and does not know its contents.

For this reason, the Court adopts defendants' proposed restriction for section 7.3(e).  The parties may wish to discuss whether this restriction should also extend to correctional officers, given plaintiff's concerns regarding possible retaliation against prisoners whose identities may become known to correctional officers.

### B.     Section 12.4

Defendants propose that they be permitted to redact from any "confidential" or "highly confidential" document all personal information of correctional officers, prison staff, and their family members in order to protect the safety and security of such individuals. Plaintiff objects that permitting such redaction will frustrate his investigation because it will prevent him from identifying relevant witnesses.

Plaintiff and defendants both articulate valid concerns. These concerns may be accommodated as follows: Defendants may designate documents that disclose personal identifying information of correctional officers, prison staff, and their family members as "highly confidential." Defendants may *not* redact the names of correctional officers and prison staff, who may be relevant witnesses in the case; defendants may redact the names of family members. Defendants may redact all other personal identifying information listed in the parenthetical in the proposed text at page 3 of the joint discovery dispute submission. *See* Dkt. No. 71 at 3. However, if defendants choose to redact this information, they must promptly provide a log indicating that personal identifying information has been redacted so that such redactions may be distinguished from redactions made for other purposes, such as attorney-client privilege.

### III.    CONCLUSION

The parties shall confer further, in view of this order, and submit a proposed protective order for the Court's consideration no later than **February 11, 2022**.

**IT IS SO ORDERED.**

Dated: February 3, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge