UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ODELL D. HODGES,<br><br>    Plaintiff,<br><br>    v.<br><br>B. DUTTON, et al.,<br><br>    Defendants. | Case No.  5:18-cv-04658-EJD<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 64 |

Plaintiff Odell D. Hodges moves, through his recently appointed pro bono counsel, for leave to file a first amended complaint. *See* Plaintiff's Notice of Motion and Motion for Leave to File First Amended Complaint ("Mot."), Dkt. No. 64. On October 15, 2021, Defendants filed an opposition brief, to which Plaintiff filed a reply. *See* Defendants' Opposition to Motion to Amend ("Opp."), Dkt. No. 66; Plaintiff's Reply in Support of Motion for Leave to File First Amended Complaint ("Reply"), Dkt. No. 67. The Court **GRANTS** Plaintiff's motion.[1]

**I.    BACKGROUND**

On August 2, 2018, Plaintiff filed a complaint for damages against several individuals, including Defendants Correctional Sergeant B. Dutton and Correctional Officer C. Johnsen ("the Complaint"). Dkt. No. 1. At this point, Plaintiff was pro se.

As alleged in the Complaint, Plaintiff suffers from epilepsy. *See* Dkt. No. 1. Despite his epilepsy, Defendants placed him in a second-floor housing location, which was unsafe due to his

---

[1] Pursuant to N.D. Cal. Civ. L.R. 7-1(b), the Court finds this motion suitable for consideration without oral argument.
Case No.:  5:18-cv-04658-EJD
ORDER GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

1

1  medical condition and contrary to medical recommendation.  Defendants refused to move Plaintiff
2  to a safe location, like ground floor housing, even after Plaintiff experienced two epileptic
3  seizures.  Plaintiff ultimately suffered a third epileptic seizure, which occurred while he was on the
4  stairway, and suffered significant physical and emotional injuries.  His initial Complaint asserted a
5  deliberate indifference claim pursuant to 42 U.S.C. § 1983.

6  On January 3, 2019, the Court issued an order terminating Plaintiff's claims against certain
7  Defendants and directed Defendants Dutton and Johnsen to file a summary judgment or other
8  dispositive motion within ninety-one days.  Dkt. No. 8.  On July 15, 2019, and August 26, 2019,
9  respectively, Defendants Dutton and Johnsen answered the Complaint and denied that Plaintiff
10  was entitled to any relief.  Dkt. Nos. 20, 22.  On October 8, 2019, Defendants Dutton and Johnsen
11  took Plaintiff's deposition.  Declaration of Catherine A. Scott in Support of Plaintiff's Motion for
12  Leave to File a First Amended Complaint ("Scott Decl.") ¶ 4, Dkt. No. 64-1.  On November 7,
13  2019, Defendants Dutton and Johnsen filed a motion for summary judgment, which the Court
14  granted in part and denied in part.  Dkt. Nos. 25, 31.  In doing so, the Court allowed Plaintiff to
15  pursue his Eighth Amendment deliberate indifference claim against Defendants Dutton and
16  Johnsen in their individual capacities.  Dkt. No. 31.  Following a settlement conference, the Court
17  referred the matter to the Federal Pro Se Program to locate counsel for Plaintiff and stayed the
18  case.  Dkt. No. 49.  On June 17, 2021, the Court appointed Baker Botts LLP as pro bono counsel
19  for Plaintiff.  Dkt. No. 50.  On August 11, 2021, the Court vacated the stay it had previously
20  entered.  Dkt. No. 51.  Aside from the deposition of Plaintiff, no other discovery has been taken.
21  *See* Scott Decl. ¶ 4.

22  Upon being appointed as pro bono counsel, Plaintiff's counsel reviewed the pleadings and
23  determined that Plaintiff could pursue claims under the American with Disabilities Act ("ADA"),
24  42 U.S.C. § 12133, and the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 701, against
25  Defendants California Department of Corrections and Rehabilitation ("CDCR") and San Quentin
26  State Prison ("SQP").  Plaintiff alleges that his epilepsy makes him eligible for protections under
27  Title II of the ADA, including eligibility for reasonable accommodations, because he is at risk for

United States District Court
Northern District of California

1  injury without proper accommodations.  Plaintiff further alleges that these facts give rise to a
2  claim under the RA.  Plaintiff also seeks to pursue injunctive relief, namely an order barring
3  Defendants from moving Plaintiff from ground floor housing.

4      Appointed counsel communicated with defense counsel that it intended to file a first
5  amended complaint ("FAC") and sent defense counsel a near final version of its FAC.  Appointed
6  counsel also informed defense counsel that Plaintiff would be willing to sit for a second deposition
7  to cover additional issues and topics introduced in the FAC.  Scott Decl. ¶ 7.  However, defense
8  counsel declined to stipulate to Plaintiff filing a FAC.  Scott Decl. ¶ 8.  Thereafter, Plaintiff filed a
9  motion seeking leave to file a FAC.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend pleadings] when justice so requires."  Rule 15's "policy of favoring amendments to pleadings should be applied with 'extreme liberality.'"  *DCD Programs, Ltd. v. Leighton*, 883 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).  The party opposing the amendment bears the burden of showing why leave to amend should not be granted.  *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986) (reviewing Ninth Circuit case law); *see also Griggs v. Pave Am. Cgrp.*, 170 F.3d 877, 880 (9th Cir. 1999) (noting that the determination of whether to grant amendment "should be performed with all inferences in favor of granting" the motion for leave to amend).

In this Circuit, courts consider five factors when assessing whether to grant a motion for leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended the complaint.  *See Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004); *Griggs*, 170 F.3d at 880; *see also Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("However, each [factor] is not given equal weight. Futility of amendment can, by itself, justify the denial of a motion for leave to amend.").

Case No.: 5:18-cv-04658-EJD
ORDER GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT
3

### III. DISCUSSION

The parties do not dispute that Plaintiff has not acted in bad faith, unduly delayed, or previously amended the complaint. Thus, the decision of whether to allow amendment turns on whether amendment would be futile or prejudice Defendants.

#### A. Futility

Defendants first argue that amendment would be futile as to SQP because "it has no legal existence apart from being an adult institutional facility operated by CDCR." Opp. at 2. However, Defendants' argument contradicts established law. In this district, courts have recognized that SQP is a proper defendant in ADA cases. *See, e.g.*, *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998) ("State prisons fall squarely within the statutory definition of 'public entity,' which includes 'any department, agency, special purpose district, or other instrumentality of a State or States or local government.'"); *Ramirez v. Tilton*, 2010 WL 889988, at *2–5 (N.D. Cal. Mar. 8, 2010) ("The proper defendants to Plaintiff's disability discrimination claims are the public entities that allegedly denied him equal access to their programs: [San Quentin Prison] and the CDCR. . . . Plaintiff may file amended ADA and Section 504 claims against [San Quentin Prison] and the CDCR."). Accordingly, amendment would not be futile.

#### B. Prejudice

Defendants next argue that they would be prejudiced by amendment. Opp. at 2–3. Defendants cannot convincingly argue that they had no notice of this suit. When Plaintiff first filed this action, he sued the named prison officials in their official capacities, which means he sued the offices for which they worked. However, even if Defendants had no prior notice of this action, they will not be prejudiced by amendment. While this case was filed in 2018, it remains in its preliminary stages. There has been limited discovery and filings. Indeed, only one deposition has been taken and Plaintiff has offered to be re-deposed. Accordingly, the Court concludes that amendment would not unduly prejudice Defendants.

Case No.: 5:18-cv-04658-EJD
ORDER GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT
4

## IV. CONCLUSION

In view of Plaintiff's earlier pro se status and the rules permitting liberal amendment, the Court **GRANTS** Plaintiff's motion for leave to file a first amended complaint. The amended complaint must be filed no later than February 10, 2022.

**IT IS SO ORDERED.**

Dated: February 7, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-04658-EJD
ORDER GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT
5